May it please the Court, Peter Flory for Mr. Cabello. Congress requires that the conditions of release be reasonable. In the words of the statute, other than the mandatory conditions set forth in 18 U.S.C. 3583D, any additional condition must be reasonably related to the factors set forth in sections 3553A1, A2B, A2C, and A2D. Further, they must involve no greater deprivation of liberty than is necessary — reasonably necessary for the purposes set forth in those sections. Sotomayor, did we go astray in Torres-Aguilar or one of the cases where we said that you must — you don't have to explain it? We treated it like a — like a mandatory condition rather than a standard condition. I think, perhaps, you're referring — I'm sorry, Your Honor. There's no explanation required in our case law, even though the statute you just read from says that it's supposed to be reasonably related. Two things. The line of cases is not about explanations. It's about oral pronouncements. The government, in its supplemental brief, cited Rivas-Estrada for that proposition. And what Rivas-Estrada held was that it wasn't even dealing with whether or not an explanation should be given or the substance of the condition. It just held that where — and it reflected previous holdings that what was the standard of review? If it was a special condition and it wasn't orally pronounced at sentence. What the Court in Rivas-Estrada said, the standard of review, if it wasn't orally pronounced at sentence for a special condition, if the person had been given notice and he didn't object, then it was abuse of discretion. If he had been given notice and didn't object, it would be plain error. I'm sorry, Your Honor. Right. Right. I was talking, though, about Torres-Aguilar that says that a district judge is not required to explain every standard condition of supervised release. Well, we're not asking the district court to have to explain every standard condition of supervised release. We have singled this one out as something that is particularly egregious in terms of its unreasonableness. Okay. Now, so this is a standard condition and it's in every single — it's in northern, southern, western and eastern. It's — all the Texas districts have adopted it. Yes. It's a standard condition recommended by the guidelines. It's in the guidelines. It's in the blueprint for the conditions that districts around the country can adopt. And Texas has all uniformly adopted this condition. How would you go about challenging this condition? Is this something that you could object to, your objections to the PSR, even though it's not yet been imposed? Well, in this case, it wouldn't have been an objection to the PSR because I don't — I believe that it wasn't listed in the PSR. It's not listed. So, I mean, would you just anticipate that the court may, because it's in their standard list for the district, and then object then? Because that's not happening. Right. I'm not saying we should be excused for not objecting. That's why we're under plain error review. But I'm trying to figure out how this case would percolate up for straight up — By a proper objection, it would have been — obviously, I would be in a better position with a different standard review had there been a proper objection. When would the objection be made, though? At sentencing. Because it's imposed afterwards in the written document. So that's what I'm trying to figure out. Right. Well, if you follow the logic of the case law relied upon by the government in Rivas-Estrada, the reason why there is no requirement for oral pronouncement of the standard conditions is because it's assumed everybody knows the standard conditions are going to be implied. So we're charged with the knowledge just as if we had been given oral notice. So it's on the defense burden under that case law to say, I know I'm going to get the standard conditions even though there's no oral pronouncement of that. And if I don't like it, I have to object. So you think that the defense lawyer should go ahead and anticipate that that's going to be imposed and should argue why. Your Honor, the standard conditions are not appropriate, particularly standard condition three and then four and go through them all. OK. That's what the defense lawyer should do at the hearing if they want to bring this challenge. Because we have this challenge in two recent cases, both under plain error. Yes, Your Honor. And I think all of those cases were raised by myself. I'm not positive of that. And there's this Seventh Circuit case that says it's plain error. And so I was following that case, relying on it almost in total in this case. But it could be teed up properly. Yes, it could be. This is not something that's going to evade review forever if we believe it can't be reached in this posture. Correct. And that's not foreshadowing. Sure. You may proceed with whatever you want to say. Well, with regard to the condition itself, the problem is, of course, that it allows the probation officer to require the defendant or the supervised releasee at any time, at home, or anywhere. And that's what the Seventh Circuit said was wrong with it. And in the words of Justice Gorsuch in his concurring opinion in Sessions v. DiMaia, vague laws invite arbitrary power. And so we are asking the Court to follow the Seventh Circuit and find that this is plainly unreasonable. How is this vague? Pardon me? How is this vague? I'm quoting Justice Gorsuch not to argue vagueness in this case. I'm arguing unreasonableness. I didn't argue vagueness, so I can't argue vagueness. Now, the point of that cite to Justice Gorsuch is that power tends to corrupt. If you have somebody, the vast majority of probation officers are going to be professional and good and do it right. But we don't make laws or decide laws based on what the vast majority of people do. Otherwise, we wouldn't need this courthouse. We know that people will tend to use the power given to them. And so that was the point of my quoting Justice Gorsuch, not to argue vagueness. What I'm asking the Court now, I don't know if I made that clear in the briefs, is to simply reform the judgment and add just four words and have the condition read, the defendant shall permit a probation officer to visit him or her at any reasonable time at home or other reasonable location and shall permit confiscation of any contraband observed in plain view. This language was approved by the Seventh Circuit. Well, in essence, your argument is a facial attack on the rule and not on its own. It's a facial attack on the rule, not in a uniqueness in its application here. In other words, the unreasonableness is inherent, as I understand your argument, in the rule itself. Yes. And so that there's nothing unique about this case that would make it more intrusive than it would ordinarily be. No, I know the government has argued, if you do the facts, I'm sorry. My suggestion is simply that to understand fully what you contend for, really, the thrust of it would be to take that off as a proposed rule. But then what would be the circumstance that you would require this? Accepting the force of your argument, that it's inherently intrusiveness, et cetera, and how you would propose to modify it, what would be the case in which a district court, Judge What would be the case where this would be inappropriate? Well, there's two different issues, and that's one is letting the probation officer visit him at home at any time. And I think the government has made a fairly strong argument that the facts of this case might justify that. I don't necessarily agree, but I see the point. There are occasions where, let's say, the history is this person did a lot of bad things in their home at all hours of the night and day. Then that would, but I cannot, in my mind, come up with a scenario, and there may be one, but I'm just not creative enough to think of it, where requiring somebody, allowing the probation officer the power to require the supervised release see to meet them at any place at any time outside of the home is reasonable. For the reasons set forth in the Seventh Circuit opinions, it could require them to meet the probation officer 10 miles outside of town at a 7-Eleven at 3 o'clock in the morning. Of course, I take it that if any of the guidelines of this type, any of the controls that the district judge places upon the future they can petition the district court to modify that. If you had a probation officer that was acting unreasonably, that has happened, et cetera, jerking an accused around, at least in their eyes, they can go back to the court and ask them to impose the limitations and strictures that you argue are ought to be facially applied there. The court could go that way or could go the other way, is the problem. But the suggestion I'm making is that this really is a tailoring problem. And here, they may well be properly tailored to be behind it. But for us to say that in and of itself, it's impermissible, that it goes too far, to the extent the Seventh Circuit said that, I'm not quite sure I understand that. No, I think what my argument is, and I think it dovetails or follows the Seventh Circuit's in that is, if you're going to go away from, I mean, if you're going to apply this condition, then you have to make specific findings as to why that is justified and explain those findings. It just turns it over, in other words, if, in fact, it is applied unreasonably, that it's challengeable. And the Seventh Circuit, in effect, says you have to, at the outset, make the judgment of whether it's necessary or not. And the counterargument to that is simply that the district judge is going to be in a much better position to address this on a motion to modify, unless you're just going to assume. There's lots of problems with that. One is that, if it is already deemed that these are reasonable conditions, then there's not a legal basis for the judge to find in favor of the defendant on his argument. If they're being applied unreasonably, it is. It's not. It's already deemed to be reasonable if that's the condition. And this court says there's no problem with that. What I'm saying is, if you say at any time, if he's going out there at midnight or whatever, and there's an off hours, and there's no real basis for him doing so at the time, et cetera, district court can deal with that. On the other hand, what this does is give a restraint on its face, initially, for the probation officer to monitor the activities of the defendant. The defendant knows that he better be on his P's and Q's 24-7. Yeah, I don't see how meeting any time, any place helps. I understand how, perhaps, I'm on weaker ground. I'm just suggesting the counter-argument, not making my argument. I don't have a dog in this home. Yeah, no, I'm just saying, I mean, that logic applies more to the first part of it, meeting at home at any time, than it does to meeting anywhere outside the home at any time. But why isn't Judge Higginbotham's point or question appropriate even in that circumstance? For example, if he's got a job or trying to go back to school or something, if that's allowed, and then if the probation officer is making them go and miss class and miss work to go meet, then you can go back to the court and say, this is not good, because we're trying to get him back on track. And so you can't. And this district judge, in this record, specifically gave time to go look at all the special conditions. She has this whole procedure where she lets you examine them and take time and discuss them. And do you not think that she would entertain your desire to say, put in it when appropriate or if you raise this with her? Again, that's why I'm on plain error, because I didn't raise it at that time. But with regard to the first point. It just seems that the court would is amenable to these types of reasonableness, because the statute itself requires it. And the behavior in the sentencing hearing certainly demonstrates that. And those are all the reasons for the contemporaneous objection requirement, which I'm saddled with the lower burden of it. Plain error really puts the pressure on counsel to engage in this question at the outset. But with regard to the other problem, a person on supervised release no longer has counsel. If they get a call from a probation officer, they should be of the mindset. If they say jump, you say how high, right? And so they're not inclined. How are they going to battle that until after the fact when they already have a violation? They don't know how to get back into the court, file a motion for reconsideration of their conditions. Can you instruct them as their lawyer of if you have a problem, this is what you do? This may well be getting out almost 20 years from now. OK. Well, you know. Well, we'll still be here listening for you 20 years from now, but somebody will. Good morning, and may it please the court. Jonathan Bradshaw on behalf of the United States. I wanted to start with a point that Judge Alrutt raised about the sentencing court's particular procedure in these cases. So when Mr. Cabello was sentenced, the sentencing hearing started, the sentencing court provided Mr. Cabello with a document that he went in the hallway and reviewed with counsel, and it explicitly said, you will be subject to the standard conditions of supervised release and the following conditions. At that point, they came back into the courtroom. Chief Judge Lynn made sure that counsel and Mr. Cabello had reviewed the form, and at that point, he could have objected. At the end of the sentencing hearing, she circled back, making sure that he knew what conditions were going to be imposed, and he could have objected at that point again. This is not a scenario where counsel or the defendant is just sort of expected to know that the standard conditions apply. The sentencing court here made clear to him that the standard conditions would apply. That would have been the appropriate point for an objection. And this is your point to show why plain error is not present here. Is that what you're telling us this? Absolutely. And just to clarify, because I think there was some question of whether counsel was just sort of expected to know that the standard conditions apply. Under this court's precedent, the standard conditions are presumed suitable in every case. Is that consistent with the statutory language? The statutory language requires a reasonableness that's tailored, and I'm concerned that our blanket statement that where we treated standard like mandatory is somehow problematic. Yes, it is consistent with the statute. Why? So the statute requires that the condition be rationally related to one of the four 3553A factors. And this court has recognized that in order to have an effective supervision, there are certain basic administrative requirements that the probation officer needs to be able to do in order to have an effective supervision. Is this a basic administrative requirement in your view? It is, Your Honor. Does it have any sort of reasonableness built into it that it can't be at 3 AM if the person's not known to be drug partying at 3 AM, or if they can't be hauling him off from his job? Or does it have any kind of reasonableness built in? Two points. The case law, this court's case in Torres Aguilar says that because it is a standard condition, it is implicit in every case. Second, this particular defendant is the perfect example of why this condition is rationally related to his characteristics. So he violated supervised release. He was on supervised release from a prior drug trafficking conviction. He violated four times. He wrote the court and said, I put myself in high-risk situations. You'll admit it's a little ticklish that Congress could have easily moved it one subsection up, put it into mandatory, instead of put it in discretionary. Congress could have done that, yes, Your Honor. It is awkward, isn't it? It also makes sense that the standard conditions are basic administrative functions. The Sentencing Commission has spent a lot of time thinking about what standard conditions should apply. And why this condition in particular is a basic administrative function. So when Congress says mandatory and discretionary, it clearly has a choice. It's quite conspicuous. It's not as if they forgot or didn't realize what they were doing. They had two categories. They made that deliberate decision to put it in discretionary. I'm just asking you to at least acknowledge there's an awkwardness. I know we have precedents and all that, but it seems curious to me. Congress could have absolutely put it in mandatory. I think it would have fit in mandatory. Can you tell me which, tell us which circuits were in conflict with Torres Aguilar 7th? Because they do require a statement as to why. Which other circuits are we in conflict with on that? The 7th Circuit was the first to formulate this requirement. I've only seen one other circuit. It's not mentioned in either brief. It's a case called Smith out of the 9th Circuit that says a district court must formulate standard conditions. Excuse me, put on the record a formulation for why a standard condition applies. They were not speaking to this condition in Smith. No, but just in general, they have put on the record about the standards, the 7th and perhaps the 9th in an unpublished. Are there other circuits that have exactly our position? The 1st Circuit, the 2nd Circuit. This standard condition is reflected in the judgment form that comes from the administrative office of the courts. It's form 245B. It's nationwide. Right. That's not the question of whether or not it's an OK condition. It's whether or not you have to make some sort of pronouncement to say it's appropriate in this case, as the statute says, that it has to be reasonable in that case. And that's what we're asking about. Not that it's absolutely in the boilerplate that's sent around by the administrative office. I understand that. But do you have to make a statement as to why? I know in our circuit, you do not at this time. But I'm wondering if we're in conformity, and you say two circuits perhaps are against, and two circuits are perhaps for. And you don't know the rest of the lay of the land. That's correct. OK. In the garden variety case, not a case with this person who has this extreme background, as you're saying, is there a reasonableness built in so that they're not going to make them go out of town and 3 AM and that sort of thing? Absolutely. So based on this Court's case law, and I understand this is slightly circular, but Torres-Aguilar, Rebus, Estrada, the cases that say that standard conditions are implicit, I think they do have a reasonableness requirement read into it. The second point is the condition says visit. It says the probation, or the supervisee has to allow the probation officer to visit him. It doesn't say arrange a meeting 10 miles out of town at 3 in the morning. And I would argue that the Seventh Circuit overread the condition. The plain language of the word visit does not mean direct to meet. It means the probation officer comes to the supervisee. We have the condition about the school, the being around children, that was some sort of really broad, that you can't go to places where children might be, that sometimes we do. And the Court put a narrowness, reasonableness gloss on that and said it was understood that you could go to certain places. Do you believe that that sort of gloss is in this requirement as well? Do you know what I'm talking about? I believe so, Your Honor. I have seen certain special conditions, but those special conditions, again, fall into a different category. So the district court has to explain them to the defendant, has to orally pronounce them. The defendant has to have even more opportunity to object. And I think in those cases where it's not a standard condition, then you are more worried about the tailoring problem that Judge Higginbotham mentioned. Can you address, to the extent that he's still making some sort of unconstitutionality argument, can you address that, because we have some case law that says that if it's truly, obviously, unconstitutional, we can even find it on plain error. But do you wish to address that? Absolutely, Your Honor. So the Fourth Amendment does not protect reasonableness in a vacuum. It protects against unreasonable searches and unreasonable seizures. We know under this Court's case law and the Supreme Court's case law that a supervisee has a reduced expectation of privacy. And when you read the condition at issue here, it allows a probation officer to visit a defendant or a supervisee out in the world. That's something that the Fourth Amendment has no problem with. It also allows seizure of contraband in plain view. It's also not a Fourth Amendment concern. The defendant has not pointed to any police action or law enforcement action that implicates the Fourth Amendment. Perhaps the idea that if the supervisee is visited, he has to invite the probation officer into his home, although that's not clear. Is the concept just this is better than being in prison? Isn't it as simple as that? Absolutely. In prison, you're obviously subject to these conditions. This is sort of an act of grace by the state. Absolutely. Or by the United States. Yes, Your Honor. To go back to the textual potential awkwardness, one thing I thought you might have said is that there is no awkwardness. As I read the sentencing guidelines, the sentencing guidelines themselves distinguish between mandatory and discretionary. It's just that these standard conditions are a sort of recommended set of default additional conditions that are recommended. I suppose you could read Congress as saying courts are required to do one set and they're allowed to do another set. Nothing that Congress has said precludes courts from creating more standard conditions. Isn't that right? That's absolutely right. And if I said there was no awkwardness, I apologize. I meant to say it is slightly awkward. I'm actually suggesting it might not be awkward. Congress is saying we definitely want you to do these. These other things, that's up to you. And the courts have taken the ball and through the sentencing guidelines have said, you know what? We're going to go ahead and create a couple of more standard ones. Absolutely. And even then, it's only recommended. Absolutely. But the awkwardness is whether or not you have to show that it's reasonable. That's the way we do it, where it's implicitly assumed reasonable. We spot them the reasonableness. It's presumed rationally related and no broader than necessary. Could it be presumptively reasonable? In other words, these are recommended. Lots of courts do it pursuant to the guidelines. But obviously, you're not required to in that sense. Under this court's case law, standard conditions, in my view, are presumptively reasonable. Do you have anything else, counsel? Unless the court has any further questions for me, I would be happy to cede my time back to the court. Thank you. If this court were to find that implicit in this condition were that the probation officer can require the defendant to visit him at home at any reasonable time and elsewhere at any reasonable location and that, as the government argued, the probation officer can't require a person to go to meet him as opposed to visiting him at his job or something, if that's already implicit in these conditions, then I think that would be all I am asking for in this case. And that would solve my issue, if the court were to rule that. If, instead, the court were to consider reforming the judgment, as I have also asked, the court has done that even in the absence of plain error finding in Godoy and Mondragon-Santiago, where they just reformed the judgment to reflect the proper sentence. A person was convicted under 1326 as B-1 or B-2, based on the finding there was no aggravated felony in the case, even though the court explicitly said we can't find plain error in this case, but we will reform the judgment. So that's another possibility. With regard to whether or not supervised release is an act of grace, by some choice or something, that has to do with parole cases, where a person, say, gets a 10-year sentence, supposed to serve 10 years, but can get out discretionarily on parole. Supervised release is not like that at all. A person's already done their sentence. It's not like where I say, hey, I'll agree to these conditions and get out. It could be individualized grace, as you're alluding to. Pardon me? It could be individualized grace, as you're alluding to. But it could be categorical grace. Individualized? You're talking about the difference between a parole-type situation and a supervised release. But in either context, whether it's after sentencing or at sentencing, the concept, I think, is we could theoretically put you in prison the entire time. But instead, we're going to have a balance. No, supervised release is required. My point is, from a policy standpoint, Congress could have said, we're not going to have supervised release at all. We're just going to put you in prison, and you're going to be subject to searches any time. But you know what? We're going to have a more balanced effect. We're going to have some prison, but some supervised release, maybe for cost reasons, maybe for rehab reasons. The point is, it strikes me as arguably lesser included. I get it. Let me ask you a question about the Seventh Circuit ruling. They had, what, two or three cases that consolidated to try to address the problem and describe the phenomenon across the country, et cetera, et cetera. Did they explicitly deal with a particular provision here? Yes. I didn't remember that. It's the Cappas case. I don't know if I'm pronouncing it right. And what did they hold explicitly? They said, absent a finding by the judge. A finding by the judge in advance. Yeah, that this condition is warranted in an explanation. But that was part of their overall holding through the whole series of these, as I read it, that it was going to require explanations or finding justification by the court anterior to the whole range of conditions, correct? You may be right, but I thought they went condition by condition and did that. Well, they did, but they went across the board, virtually. Yeah. They reviewed a lot of conditions, but I thought they particularly particularized it. But they also relied on a previous case law of their own circuit. Thompson, I think it was. And the case that I was relying on for the language, the four extra words, is Downey. So it's dealt with the issue more than once in the Seventh Circuit. Yeah. Good. Thank you. Thank you. Thank you, Your Honor. Thank you very much. We have your argument. This case is submitted.